UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WALKER THOMAS, JR., LEON THOMAS,**
**F. WALKER THOMAS, jointly,**
*d/b/a* **HUBERT THOMAS & SONS**                                                                **PLAINTIFFS**

V.                                                                                              CASE NO. 3:16-cv-26- DJH

**QBE INSURANCE CORPORATION and**
**NAU COUNTRY INSURANCE COMPANY**                                                **DEFENDANTS**

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFFS' MOTION TO REMAND

COME NOW Defendants QBE Insurance Corporation ("QBE") and NAU Country Insurance Company ("NAU"), by and through counsel, and in response to Plaintiffs' Motion to Remand herein state as follows:

1. On or about January 14, 2016, this matter was removed from Hardin Circuit Court. See Doc. 01. On or about February 9, Plaintiffs moved to remand. See Doc. 04. The following day, both Defendants jointly filed their Answer through undersigned counsel. See Doc. 06.[1]

2. The basis for Plaintiffs' request for remand is not well-founded, nor does it present to the court the entirety of the matters pled in Plaintiffs' Complaint. In sum, Plaintiffs state that because the amount of the actual contract damages, $70,743.00, does not exceed the jurisdiction limits of this court, then remand is proper. That is both an incorrect statement of the law and, more importantly, ignores all of the *additional* damages pled by Plaintiffs in their suit.

---

[1] Both Defendants, represented by undersigned counsel, join in opposing Plaintiffs' remand efforts. A part of the Plaintiffs' argument in favor of remand is that Defendant QBE did not join in the removal; this was simply an oversight on the part of undersigned counsel in not styling the removal notice on behalf of both Defendants. Defendant QBE has since filed an answer in this court, impliedly consenting to jurisdiction. QBE expressly joins in the removal of this action.

3. Defendants NAU and QBE removed this matter on the basis of diversity of citizenship and satisfaction of the amount-in-controversy requirement. There is no dispute by Plaintiffs as to the citizenship issue (*i.e.*, the parties are from different states and no Defendant is a resident of Kentucky nor has its primary place of business in the state). Accordingly, the only issue that is in front of the court based upon Plaintiffs' motion is the amount in controversy.

4. One thing that was conspicuously absent from Plaintiffs' Motion to Remand: any claim, statement, or admission that the amount sought, *in toto*, does *not* exceed $75,000. Plaintiffs could have offered to waive any such claim or otherwise certified to this court that under no circumstance are they seeking an amount greater than $75,000. They did not do so. Courts have long been aware of efforts by Plaintiffs "to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while actually seeking and perhaps obtaining damages far in excess of the federal requirement." See Gafford v. General Electric Co., 997 F.2d 150, 157-58 (6th Cir. 1993). The question thus becomes: What is the standard employed by the Sixth Circuit in determining whether Defendants have sufficiently pled and supported their case for removal.

5. The Sixth Circuit employs the "'preponderance of the evidence' ('more likely than not') test." Gafford, 997 F.2d at 159. The court explained, "We believe that this test best balances the competing interests of protecting a defendant's right to remove and limiting diversity jurisdiction." Id. The court further wrote: "We believe that the 'preponderance of the evidence' test best comports with the balance struck. It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." Id. With this standard in mind, an examination of the Plaintiffs' Complaint is in order.

6. In reviewing Plaintiffs' suit, it bears repeating that the alleged damages arising purely as a result of the subject insurance policy at issue total $70,743. See Doc. 01-2. From there, the alleged damages only expand, with Plaintiffs making a claim arising under the Unfair Claims Settlement Practices Act (see Counts II and III, Doc. 01-2); alleging violations of good faith and fair dealings under common law (Count IV); and making a claim for punitive damages (Counts VI, IX, and X). In addition, Plaintiffs set forth damages for "humiliation, embarrassment, and mental pain and anguish." Finally, on instances too numerous to count, Plaintiffs make reference to their right to recover "other damages," including compensatory damages, *etc.* All of these damages are restated on multiple occasions, including in Plaintiffs' ad damnum clause which can be found at the conclusion of the Complaint. Id. at Doc. 01-2.

7. In conclusion, Plaintiffs have requested damages in this matter as follows: $70,743 under the subject contract, along with a claim for breach of good faith and fair dealing, violation of the Unfair Claims Settlement Practices Act, a claim for punitive damages, a claim for personal injury (mental pain and anguish), and for such "other damages" which, taken at face value, appear to be *in addition to* the $70,743 pled. Defendants have satisfied their burden as established in Gafford, having met the "preponderance of the evidence" test. Specifically, and while disputing the legitimacy of and Plaintiffs entitlement to recover same, it would appear that the Plaintiffs' damages, as pled, are greater than the amount-in-controversy requirement. Thus, Defendants have satisfied their burden, and the Court should deny Plaintiffs' request to remand this action.

8. As a final aside, Plaintiffs set forth as one of the bases for remanding this suit the *threat* of bringing in another defendant which is purportedly a resident of the state of Kentucky. Of course, there is no case law for the proposition that merely threatening to bring in a state resident can serve

as the basis for remand. Plaintiffs either need to add such a party, or not, but the mere threat of such action cannot factor into the equation for removal / remand.

WHEREFORE, PREMISES CONSIDERED, Defendants QBE Insurance Corporation and NAU Country Insurance Company request that Plaintiffs' Motion to Remand be denied and that this matter remain docketed in this court and proceed forward in due course.

Respectfully submitted,

/s/ David C. Travis
DAVID C. TRAVIS
TRAVIS & HERBERT, PLLC
Jefferson Marders Building
11507 Main Street
Middletown Historic District
Louisville, Kentucky 40243
(502) 245-7474
(502) 245-7025 (fax)
Dtravis@thattorneys.com
ATTORNEY FOR DEFENDANTS
QBE INSURANCE CORPORATION and
NAU COUNTRY INSURANCE COMPANY

*Of counsel:*
R. Jeff Allen
HUNT ROSS & ALLEN
P.O. Box 1196
Clarksdale, MS 38614
662-627-5251 (telephone)
662-627-5254 (fax)
rjallen@huntross.com

**CERTIFICATE OF SERVICE**

I, David C. Travis, hereby certify that on February 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Dwight Preston
> Lewis & Preston
> 102 W. Dixie Avenue
> Elizabethtown, Kentucky 42701
> dpreston@lewisandpreston.com

This, the 29th day of February, 2016.

/s/ David C. Travis
DAVID C. TRAVIS